Defendants-appellants, Darrell Brown, Stuart Wagner, and Thomas Howard, appeal decisions by the Warren County Court of Common Pleas adjudicating them sexual predators. Appellants were convicted and sentenced prior to January 1, 1997 for sexually-oriented offenses and are currently serving prison terms. Appellants were determined to be sexual predators pursuant to R.C. 2950.09(C)(1). We affirm.
State v. Darrell Brown, CA98-03-034
Appellant Darrell Brown ("Brown") pled guilty to rape on November 13, 1984, and was sentenced to a term of five to twenty-five years incarceration. Brown was convicted for engaging in fellatio with his eleven-year-old stepdaughter. Evidence presented indicated that the conduct continued for three years. Although appellant did not make overt threats to keep his victim silent, the victim testified that Brown alluded that he would punish her if she told anyone about his conduct.
In July 1997, the Ohio Department of Rehabilitation and Corrections ("DOC") recommended that Brown be adjudicated a sexual predator. Before any hearings were held, Brown filed a motion to dismiss the recommendation and proceedings based upon federal and state constitutional grounds. The trial court denied the motion. An adjudicatory hearing was held in the trial court on March 17, 1998.
At the hearing, the victim testified about the circumstances surrounding the offense. The state presented, through narrative testimony by the prosecutor, evidence as to the nature of the crime and Brown's prior criminal record. The state also presented evidence that Brown had eluded prosecution for ten years. Brown presented testimony from family members who testified that they did not believe that Brown would commit similar crimes in the future, and that during the time he eluded prosecution he had been caring for his father.
Noting Brown's prior criminal record, the victim's tender age of eleven, and that the sexual conduct occurred on a regular basis for three years, the trial court adjudicated Brown a sexual predator. The court also found coercion underlying the offense because Brown had attempted to keep the victim from revealing his conduct. Furthermore, the trial court noted that Brown had been a fugitive for ten years after the offense.
State v. Stuart Wagner, CA98-04-046
On July 3, 1990, appellant Stuart Wagner ("Wagner") was convicted by a jury of rape and corruption of a minor (victim over age twelve, but under fifteen), and was sentenced by the trial court to a term of seven to twenty-five years incarceration. This term was to be served consecutively to a sentence imposed by the Hamilton County Court of Common Pleas. The Hamilton County conviction was for a separate offense with the same victim. Wagner was convicted in the trial court for engaging in oral sex and forcible oral sex with a fourteen-year-old girl. At the time of the offense, Wagner was dating the victim's mother and was in loco parentis to the victim. Wagner was thirty-seven years old.
In May 1997 the DOC recommended that Wagner be adjudicated a sexual predator. Prior to any hearings, Wagner filed a motion to dismiss the recommendation and proceedings based upon federal and state constitutional grounds, which was denied. The adjudicatory hearing was held in the trial court on April 15, 1998.
At the hearing, the state, through the prosecutor's narrative testimony, presented evidence about the circumstances surrounding Wagner's crime. The evidence showed that Wagner had taken advantage of his position with the child and had attempted to coerce the victim into hiding the crime. Wagner testified on his own behalf, stating that he had been in counseling programs for sexual offenders while in prison for his offense. Additionally, he introduced into evidence certificates indicating his successful completion of these counseling programs. He also admitted to his prior conviction in Hamilton County for corruption of a minor involving the same victim, and to prior operating a motor vehicle under the influence of alcohol convictions.
The trial court adjudicated Wagner a sexual predator. The court specifically referred to the respective ages of Wagner and his victim in making its determination. The court also considered Wagner's criminal record, and the fact that he had given the victim alcohol at or about the time of the offense. The court further noted Wagner's abuse of his position of trust with the victim and her mother.
State v. Thomas R. Howard, CA98-05-059
On July 17, 1992, appellant Thomas Howard ("Howard") pled guilty to attempted rape, and was sentenced by the trial court to a term of four to fifteen years imprisonment. Howard was convicted for attempting oral sex and engaging in anal sex with an eight-year-old boy whom he had been baby-sitting. Howard had shown pornographic magazines to the boy prior to the offense. After the offense, Howard made the victim promise not to tell anyone about what had occurred. At the time of the offense, Howard was thirty-three years old.
In May 1997, the DOC recommended that Howard be adjudicated a sexual predator. An adjudicatory hearing was held on April 22, 1998. Howard filed a motion to dismiss the recommendation and the proceedings based upon federal and state constitutional grounds, which the trial court denied. At the hearing, the prosecutor testified in narrative form regarding Howard's offense and criminal record. Howard presented his mother and brother to testify on his behalf. Both testified that they believed Howard's past conduct was due to alcohol and drug-related problems, and that he would not engage in such conduct again.
The trial court adjudicated Howard a sexual predator. The court specifically referred to details of the offense and Howard's subsequent conduct. Such details included the respective ages of Howard and the victim, his in loco parentis position as baby-sitter at the time of the offense, the use of pornographic materials, his coercing the victim into promising not to tell, and his access to drugs and alcohol. The court also found that Howard still refused to accept full responsibility for his conduct.
R.C. Chapter 2950 establishes a procedure for classifying criminal offenders convicted and sentenced for "sexually-oriented offenses."[1] More specifically, R.C. 2950.09 contains the procedure for classifying an offender convicted and sentenced for a sexually-oriented offense as a "sexual predator."[2]
R.C. 2950.09(C)(1), the statutory provision applicable to the case at bar, provides that an offender who was convicted of, or pled guilty to, a sexually-oriented offense prior to January 1, 1997, who was sentenced for a sexually-oriented offense before January 1, 1997, or who was serving a term of imprisonment on or after January 1, 1997 for a sexually-oriented offense, may be adjudicated a sexual predator. Those determined to be sexual predators are required, upon their release from prison, to register with the local authorities in the county where they live and routinely verify their address. R.C. 2950.03 et seq. The local sheriff is required to notify the offender's neighbors of the offender's status as a sexual offender and the offender's prior conviction for a sexually-oriented offense. R.C.2950.11(A)(1) and (B). The sheriff is also required to notify other local officials and agencies, as well as certain child care facilities. R.C. 2950.11(A)(2)-(9).
The DOC must determine whether to recommend that an offender be adjudicated as a sexual predator prior to the offender's release from prison. R.C. 2950.09(C)(1). If the DOC recommends that an offender be determined to be a sexual predator, the DOC must submit its recommendation to the court which sentenced the offender. R.C. 2950.09(C)(1). The trial court may deny the DOC's recommendation and find that the offender is not a sexual predator, or conduct an adjudicatory hearing to determine whether the offender is a sexual predator. R.C. 2950.09(C)(2). During the hearing, both "the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). R.C. 2950.09
does not require either party to present new evidence or to call and examine witnesses. In making its determination as to whether an offender is a sexual predator, the trial court must consider "all relevant factors," including those specifically set forth in R.C. 2950.09(B)(2).
In each of the instant cases, after consideration of the factors enumerated in R.C. 2950.09(B)(2), the trial court found by clear and convincing evidence that appellants were likely to engage in a sexually-oriented offense in the future. Accordingly, the trial court adjudicated appellants as sexual predators pursuant to R.C. 2950.09(C)(2).
Appellants now appeal, setting forth six identical assignments of error. Because appellants raise identical assignments of error, this court has sua sponte consolidated their appeals for a single determination. Before addressing appellants' first assignment of error, we shall address appellants' constitutional challenges to R.C. Chapter 2950 as set forth in their second, third, fourth, fifth, and sixth assignments of error.
Assignment of Error No. 2:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF REVISED R.C. 2950.01 ET SEQ., ARE IN VIOLATION OF THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
In their second assignment of error, appellants contend that the sexual predator statute retroactively inflicts a greater punishment than the one then in existence when appellants were originally convicted for their offenses. The Ohio Supreme Court considered and rejected this argument in State v. Cook (1998), Ohio St.3d, No. 97-1985. In Cook, the court concluded that R.C. Chapter 2950 "serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in effect." Id., slip op. at 47. The court accordingly held that "R.C. Chapter 2950 do[es] not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." Id. at 48. See, also, State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, at 22. Appellants' second assignment of error is overruled.
Assignment of Error No. 3:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF REVISED R.C. 2950.01 ET SEQ., ARE IN VIOLATION OF THE RETROACTIVE CLAUSE OF THE OHIO CONSTITUTION.
In their third assignment of error, appellants contend that the sexual predator statute impairs their rights and creates new obligations to which they were not subjected when they were originally sentenced. The Ohio Supreme Court considered and rejected this argument in Cook, Ohio St.3d, No. 97-1985. In Cook, the court stated that "the registration and address verification provisions of R.C. Chapter 2950 are de minimus procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950." Id., slip op. at 21. Furthermore, with regard to the notification provisions, the court found that "this dissemination requirement imposes no burden on the defendant; the duty to notify the community applies only to the sheriff with whom the defendant has most recently registered." Id., slip op. at 2. Thus, R.C. Chapter 2950 was held to not violate the retroactive clause of the Ohio Constitution. Id., slip op. at 23, 25.
In addition, this court considered and rejected this argument in Lyttle, and held that R.C. Chapter 2950 does not violate the Ohio constitutional prohibition against retroactive legislation. "[A]pplication of R.C. Chapter 2950 does not impair or take away any vested rights, affect an accrued substantive right, or impose new or additional burdens, duties, obligations, or liabilities upon past conduct." Lyttle at 28. Accordingly, appellants' third assignment of error is overruled.
Assignment of Error No. 4:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROVISIONS OF REVISED R.C. 2950.01 ET SEQ., VIOLATES APPELLANT'S RIGHTS TO EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION.
In their fourth assignment of error, appellants contend that the sexual predator statute treats offenders who were convicted of a sexually-oriented offense before January 1, 1997 and who remain incarcerated after January 1, 1997, differently from offenders convicted of the same offense but released from prison before January 1, 1997. This court considered and rejected such argument in State v. Nicholas (Apr. 6, 1998), Warren App. No. CA97-05-045, unreported, discretionary appeal allowed, review pending, stay granted, 82 Ohio St.3d 1482, and held that "[t]he statute treats all offenders who are still imprisoned on January 1, 1997 the same and under the rational-basis test, it bears a rational relationship to a legitimate governmental interest, namely, to protect the public from sex offenders." Nicholas at 13. Accordingly, appellants' fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE HEARING TO HAVE APPELLANT DECLARED A SEXUAL PREDATOR CONSTITUTES DOUBLE JEOPARDY.
In their fifth assignment of error, appellants contend that their adjudicatory hearings constituted double jeopardy in that the hearings subjected them to a second prosecution and punishment for the same offense. This court has considered and rejected such argument in State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported. In Naegele we held, based upon Lyttle, that the sexual predator statute does not constitute punishment, and thus "imposition of the law cannot violate the Double Jeopardy Clauses of the Ohio or United States Constitution." Naegele at 6. Accordingly, appellants' fifth assignment of error is overruled.
Assignment of Error No. 6:
 THE NOTIFICATION PROVISIONS OF REVISED R.C. 2950.01 ET SEQ., ARE CRUEL AND UNUSUAL PUNISHMENT, AND ARE A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS TO LIBERTY AND SAFETY.
In their sixth assignment of error, appellants argue that the notification provision of R.C. Chapter 2950 constitutes unacceptable punishment and subjects appellants to inexcusable social stigmatism and humiliation. This court considered and rejected such argument in Nicholas, and relying upon Lyttle, held:
 [T]he sexual predator law does not constitute punishment and is regulatory, rather than punitive in nature. * * * Consequently, because we have previously held that the provisions of the statute do not constitute punishment, it follows that the notification provisions of the statute cannot be deemed cruel and unusual punishment. Nicholas at 18. Accordingly, appellants' sixth assignment of error is overruled.
Assignment of Error No. 1:
 THE DECISION OF THE TRIAL COURT IS NOT SUPPORTED BY AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In their first assignment of error, appellants contend that the trial court's determinations that they are sexual predators are against the manifest weight of the evidence because the prosecutors did not present any new witnesses, new evidence, or expert testimony to demonstrate a likelihood that appellants will commit sexually-oriented offenses in the future. Instead, the prosecutors relied upon evidence that was presented in appellants' original trials.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997),78 Ohio St.3d 380, 386-87, rehearing/reconsideration denied (1997), 79 Ohio St.3d 1451. The role of the reviewing court when inquiring into the manifest weight of the evidence is to sit as a "thirteenth juror" and make an independent review of the record. Id. at 387; Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. In sum, when reviewing the record, the appellate court determines whether the state has met its burden of persuasion. See State v. Thompkins (1997), 78 Ohio St.3d 380 (Cook, J., concurring).
R.C. 2950.09(C)(2) specifically provides that a determination of whether an offender is a sexual predator must be supported by clear and convincing evidence. Thus, we must review the record to determine whether there is clear and convincing evidence to support the trial court's determination. See Cross v. Ledford (1954), 161 Ohio St. 469. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a preponderance of the evidence," it does not rise to the level of "evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341, 346.
A reviewing court will reverse, as a matter of law, a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. Cross, 161 Ohio St. at 479. When the evidence considered pertains to specific statutory findings which the trial court is required to make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See In re William S. (1996), 75 Ohio St.3d 95, 99.
At each appellant's respective sexual predator hearing, the prosecutor presented evidence of the nature of the conduct giving rise to the conviction for sexually-oriented offenses. The prosecutor also specifically brought to the trial court's attention several factors enumerated in R.C. 2950.09(B)(2). At all three hearings, the trial court discussed the findings which supported its decision to designate appellants as sexual predators.
After thoroughly reviewing the transcripts of the adjudicatory hearings and the evidence presented, we are satisfied that the records contain clear and convincing evidence to support the trial court's determination that appellants are sexual predators, and that the trial court properly considered the factors contained in R.C. 2950.09(B)(2) in making its determinations. See State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-064, unreported. Accordingly, appellants' first assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] "Sexually-oriented offenses" are defined in R.C. 2950.01(D).
[2] R.C. 2950.01(E) defines "sexual predator" as:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.